UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS Z. GONZALES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CARMAX AUTO SUPERSTORES, LLC; SANTANDER CONSUMER USA, INC.; AND SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendants. | Case No.: SACV 13-01391-CJC(RNBx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT** |

## I. INTRODUCTION

This case involves a dispute over the sale of a used 2007 Infiniti automobile (the "Vehicle") to Plaintiff Travis Gonzales ("Plaintiff") by Defendant CarMax Auto Superstores, LLC ("CarMax"). Plaintiff filed this action against CarMax, Santander Consumer USA, Inc. ("Santander"), and Safeco Insurance Company of America

("Safeco") (collectively, "Defendants") on July 25, 2013 in Orange County Superior Court. (*See* Dkt. No. 1, Exh. B ["FAC"].) Defendants removed the action to federal court on September 6, 2013. The FAC alleges claims for (1) violation of California's Consumer Legal Remedies Act ("CLRA"); (2) violation of the Song–Beverly Consumer Warranty Act (the "Song–Beverly Act"); (3) fraud and deceit; (4) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200; and (5) violation of California Vehicle Code section 11711. (*See* FAC.) Before the Court are Defendants' motion to dismiss the FAC, (Dkt. No. 8 ["Mot. Dismiss"]), and Defendants' motion to strike portions of the FAC, (Dkt. No. 9). For the following reasons, Defendants' motion to dismiss is GRANTED. Defendants' motion to strike is DENIED AS MOOT.[1]

## II.   BACKGROUND

According to the allegations in the FAC, Plaintiff purchased the Vehicle from a CarMax dealership in Costa Mesa, California, on August 24, 2012.[2] (FAC ¶ 17.) Plaintiff allegedly chose CarMax after hearing its radio advertisements and viewing its website, which promoted the benefits of purchasing a "Certified" used vehicle from CarMax because of the inspection and certification process. (FAC ¶ 15.) Plaintiff alleges that it is CarMax's policy to provide a "CarMax Quality Inspected Certificate" ("CQI Certificate") to purchasers of its used vehicles. (FAC ¶ 23.) The CQI Certificate is a list of vehicle components that were purportedly inspected. (FAC ¶ 23.) Plaintiff alleges

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 18, 2013 at 1:30 p.m. is hereby vacated and off calendar.

[2] Santander is named as the assignee of the purchase agreement for the Vehicle. (FAC ¶ 3.) Safeco is named as CarMax's bond holder under California Vehicle Code section 11711. (FAC ¶ 4.) The parties do not dispute that Santander and Safeco are liable, if at all, only to the extent that CarMax is liable. (*See* FAC ¶¶ 4, 10; Mot. Dismiss at 1–2.)

that the list is "generic," that is, the same list of components is provided for every vehicle, and the list includes notations if particular components are applicable to only certain vehicles, such as "Clutch operation (manual trans)."  (FAC ¶ 27.)  Plaintiff contends that California Vehicle Code section 11713.18(a)(6) requires used car dealers who describe their vehicles as "Certified" to provide to the purchaser "a completed inspection report indicating all the components inspected."  (FAC ¶ 19.)  Because the CQI Certificate is generic and does not list the results of the inspection, Plaintiff contends, the Certificate is not a "completed inspection report" for the purposes of the Vehicle Code and he therefore did not receive a "completed inspection report" with the purchase of the Vehicle.  (FAC ¶¶ 23, 26–27.)  Plaintiff alleges that he consequently did not receive a "Certified" vehicle, and the difference in value between a certified and uncertified 2007 Infiniti is "between a few hundred and a few thousand dollars."  (FAC ¶ 29.)

According to the FAC, shortly after purchasing the Vehicle Plaintiff had to take it back to CarMax to have the brake pads replaced, and he complained of a ticking noise and malfunctioning windows.  (FAC ¶ 38.)  At an unspecified point in time after the 30-day CarMax express warranty expired, the Vehicle's check engine light began to illuminate routinely, there were problems with the transmission, console warning lights would light up, and the ticking noise continued.  (FAC ¶ 39.)  The Vehicle was still under the manufacturer's warranty.  (FAC ¶ 39.)  On January 3, 2013, Plaintiff took the Vehicle to an Infiniti dealership in Tustin to have it inspected and repaired because it would jerk when slowing down, the engine rattled when accelerating, and the instrument cluster continued to illuminate.  (FAC ¶ 40.)  Plaintiff alleges that CarMax assured him the Vehicle had never been in an accident, but a report shows that the Vehicle was in fact in an accident in 2009.  (FAC ¶ 41.)

//

//

## III. ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

A plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading standard of Rule 9(b) requires the plaintiff to allege the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The allegations of fraud must be "specific enough to give

defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

### a. Song–Beverly Act

Defendants move to dismiss Plaintiff's claim for breach of the implied warranty of merchantability under the Song–Beverly Act on the ground that he has failed to allege that the Vehicle was not fit for the ordinary purposes for which automobiles are used. Under the Song-Beverly Act, "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. The duration of the implied warranty for used goods, if accompanied by an express warranty, is coextensive with the duration of the express warranty so long as it is not less than 30 days. Cal. Civ. Code § 1795.5. To be merchantable, the product must be "fit for the ordinary purposes for which such goods are used." Cal. Civ. Code § 1791.1(a)(2). "[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003). The product need not be perfect, so long as "it provides for a minimum level of quality." *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995). Courts applying California's implied warranty of merchantability with respect to automobiles have required a showing that the vehicle has a defect that renders it unfit for the ordinary purpose of providing transportation. *See id.*; *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012) ("The basic inquiry, therefore, is whether the vehicle was fit for driving.").

Plaintiff fails to plead sufficient facts plausibly showing that the Vehicle was not fit for the ordinary purpose for which automobiles are used. The FAC merely alleges

unspecified "problems" with the transmission, a ticking noise, malfunctioning windows, and instrument lights illuminating. Apart from Plaintiff's conclusory allegation that he "feels unsafe" in the Vehicle, no facts are pled to indicate that the Vehicle does not in fact provide safe and reliable transportation and at least "a minimum level of quality." *See Am. Suzuki Motor Corp.*, 37 Cal. App. 4th at 1296. The FAC fails to state a claim for violation of the Song–Beverly Act.

### b. The CLRA and UCL

Plaintiff alleges that CarMax violated the CLRA and UCL by calling the Vehicle "Certified" without providing an adequate "completed inspection report" as required by California Vehicle Code section 11713.18(a)(6) and making various related misrepresentations. The CLRA prohibits various "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale or lease of goods. Cal. Civ. Code § 1770(a). The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California Vehicle Code section 11713.18 provides that an individual may bring an action under the CLRA or the UCL for violation of its provisions. Cal. Veh. Code § 11713.18(b). Relevant for present purposes, Vehicle Code section 11713.18 makes it a violation to advertise a vehicle as "Certified" if "[p]rior to sale, the dealer fails to provide the buyer with a completed inspection report indicating all the components inspected." Cal. Veh. Code § 11713.18(a)(6).

Plaintiff has failed to allege any actionable misrepresentation or violation of law by CarMax. Plaintiff alleges that the CQI Certificate was not a "completed inspection report" for purposes of Vehicle Code section 11713.18 because it did not state the "results" of the inspection for each component. Nothing in the plain, unambiguous language of section 11713.18 requires CarMax to disclose the "results" of its inspections.

-6-

The statute requires dealers to list the components inspected. Plaintiff has not pointed to any case law or statutory authority suggesting that a more detailed disclosure is required by the statute. The remaining allegations, such as the allegation that "CarMax does not oversee, supervise, and/or enforce any 'certification' standards," (FAC ¶ 49), are wholly conclusory and unsupported by any alleged facts.

### c. Fraud and Deceit

Plaintiff asserts that CarMax committed fraud by representing that the Vehicle was a "Certified" used vehicle despite its purported failure to provide a "completed inspection report" pursuant to Vehicle Code section 11713.18 and by representing that the Vehicle had not been in an accident when it had. To the extent that Plaintiff asserts fraud based on CarMax's sale of "Certified" used vehicles, his fraud claim fails for the same reasons discussed above. With respect to CarMax's representation about the Vehicle's accident history, the FAC merely alleges that "CarMax assured him it had not [been in an accident]" and at some point he discovered that it had. (*See* FAC ¶ 41.) These allegations do not contain the "who, what, when, where, and how" of the alleged fraud and therefore fail to meet the heightened pleading standard for fraud claims. *See Vess*, 317 F.3d at 1106.

//
//
//
//
//
//
//
//

//

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.[3] Defendants' motion to strike is DENIED AS MOOT. Plaintiff shall file a second amended complaint consistent with this Order within twenty (20) days of the date hereof.

DATED: November 5, 2013

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's fifth cause of action is pled against Safeco only and is based on California Vehicle Code section 11711. Plaintiff alleges that Safeco, as CarMax's bond holder, is liable for fraud committed by CarMax pursuant to Vehicle Code section 11711. (*See* FAC ¶¶ 100–107.) Because Plaintiff's Vehicle Code section 11711 claim is derivative of his fraud claim against CarMax, and the Court has found the FAC's fraud allegations against CarMax deficient, Plaintiff's section 11711 claim also fails.

-8-