UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS Z. GONZALES, an individual ) | USDC No.: 8:13-cv-01391-CJC-RNB |
| ) | Complaint Filed: July 24, 2013 |
| Plaintiff, ) | [Removed September 6, 2013] |
| ) | |
| v. ) | **STIPULATED CONSENT DECREE AND ORDER** |
| ) | |
| CARMAX AUTO SUPERSTORES, ) | **Hon. Cormac J. Carney** |
| LLC, a Virginia Limited Liability ) | |
| Company; SANTANDER CONSUMER ) | |
| USA, INC., an Illinois Corporation; ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF AMERICA, a New Hampshire ) | |
| Corporation; and DOES 1 through 75, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |

1  8:13-cv-01391-CJC-RNB

**STIPULATED CONSENT DECREE AND ORDER**

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT plaintiff Travis Z. Gonzales and defendant CarMax Auto Superstores California, LLC ("CarMax"), by and through their counsel of record (collectively "Parties"), hereby stipulate that the claims in the present matter are settled in accordance with Federal Rules of Civil Procedure 54 and 58. The Parties request that the Court enter this Stipulated Consent Decree and Order as follows:

Whereas, plaintiff filed a complaint against CarMax, alleging causes of action for violation of the California Consumer Legal Remedies Act and the California Unfair Competition Law based on an alleged violation of California Vehicle Code § 11713.18(a)(6), in addition to claims for breach of warranty and fraud;

Whereas, the breach of warranty and fraud claims have been dismissed from the action;

Whereas, CarMax denies the allegations of the complaints in this action and does not admit any liability arising out of the occurrences alleged therein;

Whereas, the Parties now agree that it is in their best interests to resolve the action without further litigation and have negotiated this Stipulated Consent

Decree and Order in good faith to avoid further expensive and protracted litigation with respect to the remaining claims;

Whereas, the Parties recognize, and the Court by entering this Stipulated Consent Decree and Order finds, that this Stipulated Consent Decree and Order has been negotiated by the Parties in good faith and implementation of this Stipulated Consent Decree and Order will avoid further expensive and protracted litigation, and that this Stipulated Consent Decree and Order is fair and reasonable;

Whereas, the Parties enter into this Stipulated Consent Decree and Order as an injunction under California Civil Code § 1780(a)(2) and California Business & Professions Code § 17203 in order to comply with California Vehicle Code § 11713.18(a)(6) and the mandate of the United States Court of Appeals for the Ninth Circuit as set forth in *Gonzales v. CarMax*, 840 F.3d 644 (9th Cir. 2016).

Now, therefore, on the joint motion of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 28 U.S.C. § 1332(a).

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). Personal jurisdiction over all defendants is proper in this judicial district.

3. Judgment shall be entered in favor of plaintiff and against CarMax in accordance with the provisions set forth herein.

4. CarMax has entered into this Stipulated Consent Decree and Order freely and without coercion and consent to its entry. CarMax acknowledges that it has read the provisions of this Order and is prepared to abide by them.

5. This Order shall be binding upon CarMax, its affiliates, subsidiaries and parent entities, and any motor vehicle dealerships owned or operated by them.

6. IT IS ORDERED THAT, pursuant to the injunctive relief provisions of California Civil Code § 1780(a)(2) and California Business & Professions Code § 17203, and in accordance with California Vehicle Code § 11713.18(a)(6) and the mandate of the United States Court of Appeals for the Ninth Circuit as set forth in *Gonzales v. CarMax*, 840 F.3d 644 (9th Cir. 2016), CarMax, and its officers, agents, representatives, and employees, and all persons in active concert or participation with CarMax, including directly or through any affiliate, subsidiary or parent entity, shall implement the following policies and procedures:

> For retail vehicle sales in the State of California, CarMax shall provide each buyer with a checklist listing the components inspected on the vehicle pursuant to CarMax's vehicle certification program. The checklist shall be provided to the buyer prior to the signing of the vehicle sale contract. The checklist shall list the component inspected and indicate whether, as a result of CarMax's certification inspection, the item met CarMax's standards or needed repair. CarMax will

identify on the checklist that components needing repair were addressed before the vehicle was offered for retail sale. The checklist may also have a section that lists services or maintenance that is always performed as part of CarMax's certification process.  By example, this section may include such items as "top off fluids" or "detailing vehicle".  This section is not required to, but may, indicate whether the item met CarMax's standards or needed repair.  The checklist will indicate the year, make, and model of the vehicle, the vehicle's Vehicle Identification Number ("VIN"), the date of the inspection, and the CarMax location where the inspection took place. CarMax may from time to time change the components inspected on the checklist without Court or plaintiff review, as long as the checklist continues to substantially meet the requirements herein.

7.   CarMax shall have ninety (90) days from entry of this Stipulated Consent Decree and Order by the Court to implement the policies and procedures set forth in Paragraph 6 above for all new vehicle inventory.

8.   The Parties have also agreed to resolve plaintiff's claims for damages and equitable relief other than injunctive relief, and for all attorney's fees and costs in the action, including all attorney's fees and costs potentially or actually arising out of or relating to this Stipulated Consent Decree and Order or judgment thereon

and the claims upon which it is based, and the Parties agree that those terms shall not be made part of this Stipulated Consent Decree and Order and no judgment shall be entered thereon.

9. Upon entry of this Stipulated Consent Decree and Order by the Court, this Stipulated Consent Decree and Order shall constitute a final judgment between and among the Parties. The Court enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

10. The Court shall retain jurisdiction of this matter and of the Parties only as necessary to enforce the provisions of this Stipulated Consent Decree and Order, even after dismissal with prejudice.

11. This Stipulated Consent Decree and Order may be signed in counterparts, and its validity shall not be challenged on that basis.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: February 28, 2017  _____
Cormac J. Carney
United States District Judge

The Parties hereby consent to the terms and conditions of this Stipulated Consent Decree and Order as set forth above and consent to the entry thereof.

**For Plaintiff Travis Z. Gonzales:**

Dated: _____    _____
                           Plaintiff Travis Z. Gonzales


Dated: _____    ROSNER, BARRY & BABBITT, LLP

                           _____
                           By: HALLEN D. ROSNER
                           Attorneys for Plaintiff


**For Defendant CarMax Auto Superstores California, LLC:**

Dated: _____    _____
                           By _____
                           on behalf of Defendant CarMax Auto
                           Superstores California, LLC


Dated: _____    SCHLICHTER & SHONACK, LLP

                           _____
                           By:  KURT A. SCHLICHTER
                                STEVEN C. SHONACK
                                JAMIE L. KEETON
                           Attorneys for Defendant